The Honorable Robert E. Dale State Representative 90 Claud Hottinger Road Dover, Arkansas 72837-8060
Dear Representative Dale:
I am writing in response to your request for my opinion on the following questions:
 1. Under current Arkansas law, are severed mineral interest tax deeds issued by a county clerk between 1950 and 1985 valid and enforceable?
 2. May a holder of a severed mineral interest tax deed issued by a county clerk between 1950 and 1985 enforce the deed against the holder of an oil and gas lease in order to collect royalties?
You have provided the following background information:
 The facts of this issue involve an individual who purchased a severed mineral interest tax deed from a county clerk in 1958. The property for which the individual holds the tax deed is currently under an oil and gas lease and producing natural gas. The individual holder of the tax deed has attempted to obtain royalty payments under his deed, and has been denied royalties due to the company's assertion that the tax deed is invalid. *Page 2 
RESPONSE
Based upon your statement of background facts, it appears that your question is prompted by a private dispute between a possible holder of a severed mineral interest and an oil-and-gas leaseholder that has declined to pay royalties to your constituent in light of its questions regarding the validity of the tax deed that purportedly conveyed the mineral interest. The circumstances giving rise to your question are consequently purely private in nature, involving a dispute that should be resolved, if at all, in a court of law. By statute, my advisory function is limited to counseling various public servants and entities on constitutional and legal matters of official significance. A.C.A. § 25-16-706. Moreover, under A.C.A. § 25-16-701, I am precluded from engaging or assisting in the private practice of law. In addition, as an officer in the executive branch of government, I am not authorized to render what would amount to a non-binding, quasi-judicial determination regarding the merits of a particular dispute between private parties.
However, I can and will provide you with several opinions in which my predecessors have addressed in detail what conditions must apply in order to enforce a severed mineral interest, including one conveyed by tax deed during the period you have specified. Specifically, I am attaching for your information Ops. Att'y Gen. Nos. 2007-176, 2005-135 and 89-195, which discuss in detail the issues you have raised. These opinions specifically address various potential complicating circumstances that may have applied during the time period referenced in your request. I trust these opinions will provide some guidance to private counsel advising your constituent in his or her dispute with the oil-and-gas leaseholder that you report has declined to pay royalties.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/JHD:cyh
 *Page 1